654 So.2d 687 (1995)
In re Oswald A. DECUIR.
No. 95-O-0056.
Supreme Court of Louisiana.
May 22, 1995.
*688 Nancy C. Chachere, Steven R. Scheckman, Hugh M. Collins, for applicant.
Oswald A. Decuir, Harry S. Hardin, III, for defendant.
VICTORY, Justice.[1]
This is a disciplinary proceeding against Judge Oswald A. Decuir, Court of Appeal, Louisiana Third Circuit. The Judiciary Commission of Louisiana (the "Commission") conducted a hearing, issued findings of fact and conclusions of law, and recommended public censure for violating Canons 1, 2, 2 A, 2 B and 3 B(2) of the Code of Judicial Conduct, and the Campaign Finance Disclosure Act, La.R.S. 18:1481, et seq. La. Const. art. V, § 25(C). After reviewing the record before us, we conclude that the charges are supported by clear and convincing evidence, and that public censure is warranted.

FACTS AND PROCEDURAL HISTORY
Judge Decuir was elected to the Louisiana Third Circuit Court of Appeal in 1992, and assumed office on October 30, 1992. Sometime thereafter, complaints of judicial misconduct were lodged against him with the Commission. Upon inquiry, it was determined that the allegations were well founded and not frivolous, and a preliminary investigation was conducted to determine whether a hearing should be held on the question of discipline. Supreme Court Rule 23, Section 3(a). After investigating the matter, the Commission concluded that a hearing should be held, and a formal complaint was lodged against Judge Decuir.
Prior to the hearing before the Commission, special counsel to the Commission and Judge Decuir agreed, in lieu of conducting a full evidentiary hearing, to stipulate to the *689 facts surrounding each of the charges. Judge Decuir admitted that the stipulated facts constituted violations of the Code of Judicial Conduct and the Campaign Finance Act. However, he reserved his right to have the Commission review the misconduct and recommend appropriate punishment.
Pursuant to this agreement, Judge Decuir and special counsel to the Commission filed several documents into evidence at the December 15, 1994 hearing, including a "Supplemental and Amending Complaint," filed by special counsel to the Commission; an "Answer to the Supplemental and Amending Complaint," filed by Judge Decuir; and a document entitled "Factual Basis," jointly filed by special counsel to the Commission and Judge Decuir, setting forth the stipulated facts. After considering the evidence contained in the documents described above, the Commission issued written findings of fact and conclusions of law, which were substantially based upon the "Factual Basis" jointly filed by Judge Decuir and special counsel to the Commission. The following information may be gleaned from the foregoing evidentiary filings and the Commission's findings:

CHARGE I
A. For approximately eight months after first taking judicial office, JUDGE OSWALD A. DECUIR allowed his former law partner to use and/or share the Court of Appeal, Third Circuit's secretary/receptionist, telephone system, post office box, office supplies and law library.
B. By reason of the foregoing Section A, you have:
(1) Violated Canons 1 and 2 of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.

STATEMENT IN MITIGATION [By Judge Decuir]: For approximately three months after taking judicial office, Judge Oswald A. Decuir was not provided equipment or supplies by the Third Circuit Court of Appeal. Judge Decuir, during that time, used the office supplies and telephone system he previously purchased while with his former law firm, at no charge to the Third Circuit Court of Appeal. It was Judge Decuir's intent to allow reimbursement to his former law firm, in kind, on the honor system, however, an accurate accounting was not maintained. Though the common usage of the secretary/receptionist, telephone system, post office box, office supplies and law library gave an appearance of impropriety, the practice has been discontinued and Judge Decuir's previous law firm has since re-located to another building separate and apart from the location of his Third Circuit Court of Appeal satellite office.
A. Findings of Fact [By the Commission]
1. Prior to assuming judicial office Oswald A. Decuir's law office was located at 327 Iberia St., New Iberia and the Post Office Box was 10505, New Iberia. Upon taking office Judge Decuir located his office for the Third Circuit Court of Appeal at the same location, namely 327 Iberia St., New Iberia and continued to utilize post office box 10505. His former law partner moved his office directly across the hall at 327 Iberia St., New Iberia. For a period of approximately eight months, his former law partner continued to utilize the same post office box for receipt of mail, and Judge Decuir and his former law partner's respective letterheads so indicated the identical post office box. For approximately eight months the former law partner was also provided with, and allowed to use and share, the Court's telephone system, secretary/receptionist, office supplies and library.
B. Conclusions of Law [By the Commission]
1. Relative to CHARGE I, violated Canons 1 and 2 of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.[2]

*690 CHARGE II

A. Cash contributions from an August 14, 1992 fundraiser, in the total amount of $2,300.00, were accepted by JUDGE OSWALD DECUIR during his campaign for judge for the Third Circuit, Court of Appeal. JUDGE OSWALD A. DECUIR failed in the proper supervision and reporting of the contributions on his campaign finance report, entitled "Candidate's Report," dated September 3, 1992 as required by the Campaign Finance Disclosure Act.
B. By reason of the foregoing Section A, you have:
(1) Failed to comply with the Campaign Finance Disclosure Act, LSA-R.S. 18:1481, et seq.; and,
(2) Violated Canons 2A, 3B(2) of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.

STATEMENT IN MITIGATION [By Judge Decuir]: Upon discovery of the cash contributions Judge Decuir retained an attorney and met with an attorney for the Ethics and Campaign Finance Commission. At the time, it was Judge Decuir's opinion that his records did not contain sufficient documentation of each cash contribution. As a result Judge Decuir and the attorney for the Commission agreed that the proper course of action was for him to turn the money over to the State Treasury, which he did on June 30, 1993. After that date Judge Decuir has been advised that records were available which provided sufficient documentation of the contributions, which would have allowed him to amend his Candidate's Report, had he not already ceded the money to the State. Judge Decuir will closely supervise and personally verify the completeness and accuracy of all future Candidate's Reports.
A. Findings of Fact [By the Commission]
2. Judge Oswald A. Decuir filed a Candidate's Report dated September 3, 1992 as required by the Campaign Finance Disclosure Act, LSA-R.S. 18:1481, et seq. This report was required to contain a disclosure of all contributions. The report failed to list any cash contributions although Judge Decuir had received cash contributions in the amount of $2,300.00. An accurate listing of the cash contributors, and the amount of their contributions, was found on Judge Decuir's former law partner's computer, by the Commission's Special Counsel, during the investigation of this matter.
B. Conclusions of Law [By the Commission]
2. Relative to CHARGE II, failed to comply with the Campaign Finance Disclosure Act, LSA-R.S. 18:1481, et seq. and, violated Canons 2A, 3B(2) of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.[3]

CHARGE III
A. For approximately eight months after taking office JUDGE OSWALD A. DECUIR permitted one of his law clerks to work as an independent contractor, performing legal research for a law firm.

*691 Judge Decuir screened the law clerk from work on cases involving that particular firm and did not recuse himself from hearing cases involving that firm. In one case, in which the firm represented the plaintiff/appellee, the law clerk, though not working on the matter as an independent contractor for the firm, performed research for Judge Decuir in a case in which the panel affirmed the decision of a worker's compensation hearing officer. Judge Decuir was the organ of the panel's decision. Judge Decuir failed to screen the law clerk from this case.
B. By reason of the foregoing Section A, you have:
(1) Violated Canon 2A of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.

STATEMENT IN MITIGATION [By Judge Decuir]: Though Judge Decuir was of the opinion that there was no conflict of interest, the failure to screen the law clerk from the case in question gave the appearance of impropriety. Judge Decuir will not allow his law clerks to hold any legal employment other than the Court of Appeal and will take steps to fully inform himself of any prior or contemplated relationship of a law clerk which should cause a law clerk to be screened from participation in a case.
A. Findings of Fact [By the Commission]
3. Judge Oswald A. Decuir hired a law clerk to work for the Third Circuit Court of Appeals knowing that she was also working as an independent contractor for a private law firm, Morrow, Morrow, Ryan and Bassett. Judge Decuir screened the law clerk from work on cases involving that particular firm but did not recuse himself from hearing cases involving that firm. In one instance the Judge allowed his law clerk to do legal research for him in a case in which the Morrow firm had been counsel for the plaintiff/appellee, although the law clerk did not work on the case as an independent contractor for the firm. In that case entitled Walker v. Pinecrest State School, [621 So.2d 219] No. 92-01086 Judge Decuir was the author of the opinion of the court affirming the decision of a worker's compensation hearing officer in favor of the Morrow firm's client. Judge Decuir should have screened the law clerk from doing any research on the Walker case for the court.
B. Conclusions of Law [By the Commission]
3. Relative to CHARGE III, violated Canon 2A of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.

CHARGE IV
A. By letter dated December 11, 1992 JUDGE OSWALD A. DECUIR wrote a letter on temporary personal judiciary stationery which identified him as "Judge, Court of Appeal," to a United States District Court judge, concerning the sentencing of a friend, who was a defendant, in a criminal case. The letter recommended leniency for said individual in the matter then pending before that court.
B. By reason of the foregoing Section A, you have:
(1) Violated Canon 2B, of the Code of Judicial Conduct, adopted by the Louisiana Supreme Court of Louisiana, effective January 1, 1976.

STATEMENT IN MITIGATION [By Judge Decuir]: The letter was sent after consultation with a senior judge of the Third Circuit Court of Appeal who expressed his view that, since the case in question was in federal court, and the Third Circuit Court of Appeal did not have any jurisdiction over such a case, that he felt it was appropriate under the circumstances. Judge Decuir is now fully informed of the proper limits of his conduct as described in the Code of Judicial Conduct and in Opinions number 48, 60, 64, 71, 76, and 102 of the Supreme Court Committee on Judicial Ethics.
A. Findings of Fact [By the Commission]
4. On December 11, 1992 Judge Oswald A. Decuir sent a letter to Judge Robert M. Parker, a federal district court judge from Texas, sitting by special appointment, concerning the sentencing of Vincent Sotile in *692 a criminal matter then pending before the United States District Court for the Western District of Louisiana, entitled USA v. Sotile, No. 92-60038 (W.D.La.). The letter requested that Judge Parker consider leniency when sentencing Mr. Sotile. Judge Decuir wrote the letter on temporary personal judiciary stationery which identified him as "Judge, Court of Appeal."
B. Conclusions of Law [By the Commission]
4. Relative to CHARGE IV, violated Canon 2B, of the Code of Judicial Conduct, adopted by the Supreme Court of Louisiana, effective January 1, 1976.
Based on its findings, the Commission recommended public censure, pursuant to La. Const. art. V, § 25(C), and that Judge Decuir be required to reimburse the Commission for $3,964.25 in costs incurred in the investigation and prosecution of the case. Supreme Court Rule 23, Section 22.

DISCUSSION

Scope of Review & Grounds for Discipline
As provided in La. Const. art. V, § 25(C), the Louisiana Supreme Court is the court of original jurisdiction in judicial disciplinary proceedings. As such, we are vested with the power to make original determinations of fact based upon the evidence presented. In other words, we are not bound by the findings and recommendations made by the Commission, and may afford them whatever weight we choose. Nevertheless, because this Court is ill equipped to receive evidence, no new evidence is presented to us and only that evidence adduced at the hearing before the Commission is considered. In Re Whitaker, 463 So.2d 1291, 1298 (La.1985).
The grounds for disciplinary action against a judge are set forth in Louisiana Const. art. V, § 25(C), which provides, in pertinent part:
On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony.
In addition to these constitutional grounds, this Court, under its supervisory authority over all lower courts, adopted the Code of Judicial Conduct, effective January 1, 1976. This Code is binding on all judges, and violations of the Canons set forth therein may serve as a basis for the disciplinary action provided for by La. Const. art. V, § 25(C). In re Wilkes, 403 So.2d 35, 40 (La.1981); In re Babineaux, 346 So.2d 676, 680-681 (La. 1977), certiorari denied, Berry v. Judiciary Commission of La., 434 U.S. 940, 98 S.Ct. 431, 54 L.Ed.2d 299 (1977).

Merits and Penalty
Judge Decuir and special counsel to the Commission stipulated to the facts, including those in mitigation, surrounding the charges. Judge Decuir also admitted that the stipulated facts establish violations of the Code of Judicial Conduct. Thus, we are left only with the task of deciding the appropriate measure of discipline in this case.[4] Before the Commission, and before us, Judge Decuir argued that the appropriate discipline for these violations should be private censure, *693 not the public censure recommended by the Commission.
Article V, § 25(C) of the Louisiana Constitution sets forth four punishment alternatives for disciplining a judge. We may: (1) censure; (2) suspend the judge with or without salary; (3) remove the judge from office; or (4) retire the judge involuntarily. Although these four alternatives differ with respect to the severity of the punishment, they are similar in that each appears to contemplate "public" discipline. By their very nature, suspension from office, removal from office, and involuntary retirement are always public. Analogizing from the other three modes of discipline and from the rules applicable to lawyer discipline, we find that a "censure" in judicial disciplinary proceedings should also be public.
Supreme Court Rule 19, § 10(A) sets forth the modes of punishment available in lawyer discipline proceedings. Under this provision, lawyers are subject to: (1) disbarment; (2) suspension; (3) probation; (4) reprimand; and (5) admonition.[5] Subsection (D) of Supreme Court Rule 19, § 10, states that the "disposition of lawyer discipline shall be public in cases of disbarment, suspension, probation, and reprimand," while subsection (A) specifically defines "admonition" as a mode of private discipline that occurs before the filing of formal charges with the Disciplinary Board of the Louisiana State Bar Association.
Unlike Supreme Court Rule 10, Article V, § 25(C) of the Louisiana Constitution does speak of admonishment of a judge in a disciplinary proceeding. The most lenient punishment that may be issued is "censure," which by virtue of its definition, is synonymous with "reprimand." Black's Law Dictionary 203 (5th ed. 1979) generally defines "censure" as a type of reprimand:
"The formal resolution of a legislative, administrative, or other body reprimanding a person, normally one of its own members, for specified conduct. An official reprimand or condemnation." (Emphasis added.)
In similar manner, Black's Law Dictionary 1170 (5th ed. 1979) defines a "reprimand" as a type of censure:
To reprove severely; to censure formally, especially with authority.... A public and formal censure or severe reproof, administered to a person in fault by his superior officer or by a body or organization to which he belongs. Thus, a member of a legislative body may be reprimanded by the presiding officer, in pursuance of a vote of censure, for improper conduct in the house; similarly, an attorney might be reprimanded by the Supreme Court or Bar Association of his State for unethical or improper conduct. (Emphasis added.)
We find judicial "censure" under Article V, § 25(C) of the Louisiana Constitution akin to the "reprimand" of a lawyer, which is public. Once the Commission holds its hearing, determines that "good cause" exists for the disciplining of the judge, and makes its recommendation to this Court, the matter automatically becomes public. See Supreme Court Rule 23, Sections 12, 14 and 23. If we find, as we do in this case, that the violations are serious enough to merit the most lenient type of discipline by the Court, we censure the violator in a public opinion.
Accordingly, it is ordered that Judge Oswald A. Decuir, Court of Appeal, Third Circuit, be, and he hereby is, censured for violating the Code of Judicial Conduct and the Campaign Finance Disclosure Act. It is further ordered that Judge Oswald A. Decuir reimburse the Louisiana Judiciary Commission $3,964.25,[6] representing costs incurred during the investigation and prosecution of the case. Supreme Court Rule 23, Section 22.
NOTES
[1] Judge Henry L. Yelverton, Court of Appeal, Third Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis, not on panel. Rule IV, Part 2.
[2] Canon 1 of the Code of Judicial Conduct, entitled "A Judge Should Uphold the Integrity and Independence of the Judiciary," provides:

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective. As a necessary corollary, the judge must be protected in the exercise of judicial independence.
Canon 2 of the Code of Judicial Conduct, entitled "A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities," provides:
A. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow family, social, or other relationships to influence judicial conduct or judgment. A judge should not lend the prestige of judicial office to advance the private interest of others; nor should a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.
[3] Canon 3B(2) of the Code of Judicial Conduct, entitled "A Judge Shall Perform the Duties of Office Impartially and Diligently; Administrative Responsibilities," provides:

A judge should require staff and court officials subject to his or her direction and control to observe the standards of fidelity and diligence that apply to the judge.
[4] Judge Decuir argues that we have no jurisdiction to consider the violations reflected by Charge II because the conduct complained of occurred prior to the date he took office, October 30, 1992. However, in Whitaker, 463 So.2d at 1294-1295, we held that while the conduct of a judge prior to assuming office may not form the sole basis for judicial disciplinary proceedings, it may be considered in cases that also involve instances of misconduct occurring while the judge was in office. The three additional charges at issue occurred after Judge Decuir assumed office. Therefore, we may consider the prejudicial conduct comprising Charge II in determining the appropriate penalty to be imposed. Additionally, we note that Canon 7B of the Code of Judicial Conduct provides that candidates for judicial office and their employees should adhere to the same ethical standards imposed on judges. While campaigning for a seat on the Third Circuit Court of Appeal, "candidate" Decuir was bound by the same standards that "Judge" Decuir is now obliged to follow.
[5] Lawyers are also subject to restitution, reimbursement of costs, and/or limitation of the nature of the lawyer's future practice. However, these modes of discipline are not relevant to our inquiry in this case.
[6] Judge Decuir and special counsel to the Commission stipulated to this figure.