hVICTORY, Justice.*
This is a disciplinary proceeding against Judge Roy Cascio (“Cascio”), Second Parish Court, Parish of Jefferson. The Judiciary Commission of Louisiana (the “Commission”) conducted a hearing, issued findings of fact and conclusions of law, and recommended public censure for violating Canons 1, 2 and 7 B(c) of the Code of Judicial Conduct, adopted by this Court effective January 1, 1976 and for engaging in willful misconduct relating to his official duty and persistent and public conduct prejudicial to the administration of justice that brings that judicial office into disrepute. La. Const, art. V, § 25(C). After reviewing the record before us, we conclude that the charges are supported by clear and convincing evidence, and that public censure is warranted.
FACTS AND PROCEDURAL HISTORY
Cascio was a successful candidate for the Judge, Second Parish Court, Parish of Jefferson, in the October 21, 1995 primary election and in the November 18, 1995 run-off election. Cascio had previously sat as an ad hoe judge in Division “B” of that court on several occasions and signed a series of statements stating that “I will not use the title of judge or use any photograph in a judicial robe in any |2campaign for any elective office, or use any other advertising that may mislead the public into believing that I am or have been elected to a judicial office.”
Cascio’s campaign materials, including yard signs and billboards, referred to Cascio as “THE Qualified JUDGE.” Upon receiving notification from citizens regarding this material, the Commission conducted an initial inquiry. In response, Cascio added the phrase ‘Will Be” before “THE Qualified JUDGE” on his campaign materials distributed thereafter, but the previous misleading material continued to be displayed and circulated. In addition, Cascio’s television advertisement, which identified Cascio as “THE Qualified JUDGE,” began flashing the words ‘Will Be” during the final seconds of the advertisement.
On December 12, 1995, the Commission filed a Formal Charge against Cascio. After a hearing on June 21, 1996, the Commission found that the above actions violated Canons 1, 2 and 7 B(e) of the Code of Judicial Conduct, adopted by this Court effective January 1,1976, and that Cascio had engaged in willful misconduct relating to his official duty and persistent and public conduct prejudicial to the administration of justice that brings that judicial office into disrepute.
The Commission has recommended to this Court that the sanction of censure be imposed upon Cascio pursuant to Article V, § 25(C) of the Louisiana Constitution and further that Cascio be ordered to reimburse and pay to the Commission the costs incurred in the investigation and prosecution of this case.
[■¡DISCUSSION
The facts are not in dispute. The primary issue is whether the use of the campaign material identifying Cascio as “THE Qualified JUDGE” is a violation of the Code of Judicial Conduct.[1]
Canon 7 B(e) of the Code of Judicial Conduct [2] applicable to this ease stated:
A candidate, including an incumbent judge, for a judicial office that is filled either by public election between competing candidates or on the basis of a merit selection:
(e) should not ... misrepresent his or her identity, qualifications, present position, or other fact.
The campaign material identifying Cascio as “THE Qualified JUDGE” misrepresented *1204 candidate Cascio’s identity, qualifications and present position by leading the public to believe that he was in fact a judge. Since it was not true, there was a violation of Canon 7. After learning of the violation, Cascio did not correct the misleading campaign material but only added the phrase “Will Be” to the future distribution of his campaign material.
Furthermore, Cascio signed statements upon his appointments as judge ad hoc that he would not use advertising that may mislead the public into believing that he had been elected into a judicial office. These statements were signed in accordance with Supreme Court General Administrative Rule G See. 5(d) which requires that ad hoc judges sign such statements as a condition of their appointment. This requirement is intended to guard against ad hoc judges using this position to their advantage in future judicial campaigns.
UThe grounds for disciplinary action against a judge are set forth in Louisiana Const, art. V, § 25(C) which provides in pertinent part:
On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony.
As we stated in In re Decuir, the Code of Judicial Conduct “is binding on all judges, and violations of the Canons set forth therein may serve as a basis for the disciplinary action provided for by La. Const, art. V, Sec. 25(C).” In re Decuir, supra at 692.
This Court will punish any candidate who conducts campaign activities that violate Canon 7 and/or the statements executed in accordance with Supreme Court Rule G, See. 5(d). Misrepresentations of a candidate’s identity, qualifications or present position are misleading to the public and bring the judicial office into disrepute. Here, the public was led to believe Cascio was an incumbent judge. The Commission has recommended, and we agree, that public censure is appropriate.
DECREE
Accordingly, it is ordered that Judge Roy Cascio, Second Parish Court, Parish of Jefferson, be, and he hereby is, censured for violating Canon 7 of the Code of Judicial Conduct. It is further ordered that Judge Roy Cascio reimburse the Louisiana Judiciary Commission $220.00, representing costs incurred during the investigation and prosecution of the case.[3]

 Marcus, J., not on panel. Rule IV, § 3.

. Canon 7 governs the conduct of candidates for judicial office. In re Decuir, 95-0056 (La.5/22/95), 654 So.2d 687, 692, n. 4.

. The Code of Judicial Conduct was revised effective July 8, 1996 and Canon 7 B(c) of the 1976 Code has been revised and is now found in Canon 7 B(l)(d)(iii).

. Supreme Court Rule 23, § 22.