800 So.2d 828 (2001)
In re Judge Charles R. JONES.
No. 0101-O-2304.
Supreme Court of Louisiana.
November 28, 2001.
*829 Nancy E. Rix, Commission Legal Counsel, Hugh M. Collins, PhD., Chief Executive Officer, Judiciary Commission of Louisiana.
Steven R. Scheckman, Special Counsel, Mary F. Whitney, Asst. Special Counsel, Office of Special Counsel.
Sheila C. Myers, New Orleans, Counsel for Charles R. Jones.

ON RECOMMENDATION FOR DISCIPLINE FROM THE JUDICIARY COMMISSION OF LOUISIANA
JOHNSON, Justice.[*]
This matter comes before the court on the recommendation of the Judiciary Commission of Louisiana that Judge Charles R. Jones of the Fourth Circuit Court of Appeal, State of Louisiana, be suspended for ninety days, without pay, and be ordered to reimburse and pay to the Commission the costs incurred in the investigation and prosecution of this case. After a thorough review of the record, we find that Judge Jones violated Canons 1, 2A and 3B(1) of the Louisiana Code of Judicial Conduct, as well as the constitutional standard articulated in La. Const. Art. V, § 25(C). Accordingly, we order that Judge Jones be suspended for thirty days, without pay. We further order Judge Jones to pay costs in the amount of $4,772.25.

FACTS AND PROCEDURAL HISTORY
Respondent, Judge Charles R. Jones, took office as a judge of the Fourth Circuit Court of Appeal, State of Louisiana, on January 1, 1992. The Judiciary Commission initiated an investigation of Judge Jones after receiving a written complaint filed on February 5, 2001 by Judge Miriam G. Waltzer, a fellow judge on the Fourth Circuit Court of Appeal.[2] The complaint was based primarily upon the following incidents: (1) on January 23, 2001, Judge Jones referred to Judge Steven R. Plotkin, another Fourth Circuit Court of Appeal judge, as a "son of a bitch" in the presence of other judges; and (2) on January 31, 2001, Judge Jones and Judge Plotkin had a verbal confrontation which escalated into a physical altercation.
After completing the investigation, the Commission filed formal charges against Judge Jones on April 2, 2001, charging him as follows:

*830 (1) Violation of Canons 1 and 2A of the Code of Judicial Conduct by committing a battery on Judge Plotkin; violation of Canon 3B(1) of the Code of Judicial Conduct by failing to cooperate with other judges in the administration of court business; and/or
(2) Violation of La. Const. Art. V, § 25(C) by engaging in willful misconduct relating to his official duty; and/or
(3) Violation of La. Const. Art. V, § 25(C) by engaging in public conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
A hearing on the merits was held before the Commission on May 11-12, 2001. On August 8, 2001, the Commission issued its findings of fact and conclusions of law pursuant to those proceedings. After hearing the testimony of Judges Jones, Plotkin, and Waltzer, as well as the testimony of other witnesses, the Commission stated:
[J]udge Jones' failure to restrain his temper both on January 23, 2001 and on January 31, 2001 put into play events that culminated in the physical fight, and he is held responsible by the Judiciary Commission for ethical violations for that failure of restraint.
The Commission went on to make the following conclusions:
1. Judge Jones violated Canon 1 of the Louisiana Code of Judicial Conduct by engaging in behavior which constituted an ethically unacceptable standard of conduct.
2. Judge Jones violated Canon 2A of the Louisiana Code of Judicial Conduct by failing to respect and comply with the law when he physically fought with Judge Plotkin.
3. Judge Jones violated Canon 3B(1) by failing to cooperate with Judge Plotkin, Judge Waltzer, and the other judges of the Fourth Circuit Court of Appeal.
4. Judge Jones violated La. Const. art. V, § 25 by failing to control his anger on January 31, 2001.
Based on its findings, the Commission recommended that Judge Jones be suspended for ninety days, without pay, and be ordered to reimburse the Commission the costs incurred in the investigation and prosecution of this case.

DISCUSSION

Jurisdiction and Burden of Proof
This court is vested with exclusive original jurisdiction in judicial disciplinary proceedings by La. Const. Art. V, § 25(C), which provides, in pertinent part:
On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony.
Pursuant to its supervisory authority over all lower courts, this court adopted the Code of Judicial Conduct, effective January 1, 1976, and amended it on July 8, 1996. The Code of Judicial Conduct is binding on all judges and violations of its Canons may serve as the basis for the disciplinary action provided for by La. Const. Art. V, § 25(C). In re Jefferson, 99-1313 (La.1/19/00), 753 So.2d 181, 184; In re Bowers, 98-1735 (La.12/1/98), 721 So.2d 875, 879; In re Quirk, 97-1143 (La.12/12/97), 705 So.2d 172, 176; In re Marullo, 96-2222, (La.4/8/97), 692 So.2d *831 1019, 1021; In re Decuir, 95-0056 (La.5/22/95), 654 So.2d 687, 692.
Before this court can impose discipline, the charge or charges against a judge must be proven by clear and convincing evidence. In re Jefferson, 753 So.2d at 184; In re Bowers, 721 So.2d at 880; In re Johnson, 96-1866 (La.11/25/96), 683 So.2d 1196, 1199; In re Huckaby, 95-0041 (La.5/22/95), 656 So.2d 292, 296. This standard requires that the level of proof supporting the charge or charges against a judge must be more than a mere preponderance of the evidence, but less than beyond a reasonable doubt. In re Jefferson, 753 So.2d at 184-85; In re Bowers, 721 So.2d at 880; In re Quirk, 705 So.2d at 176; In re Huckaby, 656 So.2d at 296.

Violations of Canons 1, 2A, and 3B(1)
The Commission's conclusion that Judge Jones violated Canons 1, 2A, 3B(1), of the Code of Judicial Conduct, and La. Const. Art. V, § 25(C) derived from the January 31, 2001 incident. The Commission specifically found that Judge Jones' loss of restraint resulted in a "pushing/shoving" match between him and Judge Plotkin, which culminated in the two judges "grappling with each other." The Commission further concluded that the testimony was not clear and convincing that Judge Jones ever landed a punch on Judge Plotkin, either during the altercation, or as Judge Plotkin lay on the floor.
Canon 1 of the Louisiana Code of Judicial Conduct provides in pertinent part:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and shall personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved.
Canon 2A provides:
A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
Canon 3B(1) provides:
A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.
La. Const. Art. V, § 25(C) prohibits any judge from engaging in "persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute."
After a thorough review of the testimony presented at the hearing, we hold that Judge Jones violated Canons 1, 2A, 3B(1), as well as La. Const. Art. V, § 25(C). We find that Judge Jones failed to maintain or personally observe the high standards of conduct that preserve the integrity of the judiciary and brought the judicial office into disrepute when he admittedly engaged in a physical altercation with Judge Plotkin.[3] Yet, we do find it significant that Judge Plotkin never filed a complaint against Judge Jones. Nevertheless, although Judge Jones contends that Judge Plotkin initiated the altercation, and he merely acted in self-defense, regardless of who instigated the encounter, he could have, and should have walked away. Instead, he chose to conduct himself in an extremely unprofessional and undignified manner, which, within minutes, was published to his fellow judges, many of the *832 employees at the Fourth Circuit Court of Appeal, and subsequently to the general public. Such conduct caused damage to the respect and integrity of the Fourth Circuit Court of Appeal and to the judiciary as a whole, and it cannot be condoned.
Further, we find that engaging in a physical altercation indicates a disrespect for the law. Such behavior is particularly disturbing because it potentially creates a public perception that it is acceptable to allow verbal disputes to escalate into physical contests. The laws of our state do not tolerate such conduct from the citizens, and we cannot abide such behavior from members of the judiciary. The altercation took place in the judges' private conference room while several lawyers were waiting to be interviewed for employment with the court. Such action can, in no means, be said to promote public confidence and impartiality of the judiciary. The widespread knowledge of the incident could only serve to stigmatize the Fourth Circuit and erode any public confidence in the integrity and impartiality of the judiciary in the minds of the persons waiting to be interviewed, employees who witnessed the aftermath, as well as citizens who read about it in the newspaper or saw it on the television.
Pursuant to La. Const. Art. V, § 25(C), on the recommendation of the Judiciary Commission, this court may censure, suspend with or without salary, remove from office, or retire involuntarily any judge whose conduct brings the judiciary into disrepute. In this case, the Commission has recommended that Judge Jones be suspended for ninety days, without salary, and be ordered to pay costs. We find that Judge Jones' conduct warrants suspension for a period of thirty days for violating Canons 1, 2A, 3B(1), and La. Const. Art. V, § 25(C). We further find that the Louisiana Judiciary Commission is entitled to be reimbursed the costs incurred during the investigation and prosecution of the case.

DECREE
For the reasons stated herein, it is ordered that Judge Charles R. Jones be, and he hereby is, suspended for thirty days for violating Canons 1, 2A, 3B(1), of the Code of Judicial Conduct, as well as Art. V, § 25(C) of the Louisiana Constitution. Additionally, it is ordered that Judge Jones reimburse the Louisiana Judiciary Commission $4,772.25, representing the costs incurred during the investigation and prosecution of the case.
KNOLL J., dissents in part and concurs in part and assigns reasons.
ANNE L. SIMON, J. Ad Hoc, dissents in part and concurs in part for the reasons assigned by KNOLL, J.
VICTORY, J., concurs and assigns additional reasons.
VICTORY, J., concurring with additional reasons.[*]
Although I would have preferred to suspend Judge Jones for ninety days, with all but thirty days suspended, and placed him on probation for one year with a special condition that he complete a course in anger management, I respectfully concur with the majority.
KNOLL, Justice,[*] concurring in part and dissenting in part.
I agree with the majority's determination that Judge Jones's conduct violated *833 Canons 1, 2A and 3B(1) of the Louisiana Code of Judicial Conduct, as well as the constitutional standard articulated in LA. CONST. ART. V, § 25(C). Because I find that Judge Jones's conduct brings such disrepute to the Louisiana judiciary, I disagree with the majority's sanction. Judge Jones's conduct was egregious as found by the Judiciary Commission and as acknowledged by the majority. The conduct sanctioned merits at least a full 90-day suspension without pay, together with the payment of costs, as recommended by the Judiciary Commission.
For these reasons, I respectfully concur in part and dissent in part.
NOTES
[*] Retired Justice Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Justice Catherine D. Kimball, recused. Retired Judge Anne L. Simon assigned as Justice ad hoc.
[2] Supreme Court Rule XXIII, § 3(a) provides:

The Commission, upon receiving a complaint, not obviously unfounded or frivolous, alleging facts indicating that a judge is guilty of willful misconduct relating to his official duty, or willful and persistent failure to perform his duty, or persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, or conduct while in office which would constitute a felony, or that he has a disability that seriously interferes with the performance of his duties and said disability is or is likely to become permanent, shall make a preliminary investigation to determine whether a hearing should be held on the question of the discipline of the judge. The Commission may make such preliminary investigation on its own motion.
An anonymous complaint may not be reviewed or investigated unless it states facts, not mere conclusions, that can be independently verified.
[3] Because the Judiciary Commission has not brought to this court a recommendation regarding Judge Plotkin, his conduct is not before this court.
[*] Retired Justice Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Associate Justice Catherine D. Kimball, recused. Retired Judge Anne L. Simon, assigned as Justice ad hoc.
[*] Retired Justice Walter F. Marcus, Jr., and retired Judge Anne L. Simon assigned as Justices ad hoc. Associate Justice Catherine D. Kimball, recused.