856 So.2d 1213 (2003)
In re Judge Carl VAN SHARP.
No. 2003-O-2256.
Supreme Court of Louisiana.
October 29, 2003.
Steven Scheckman, Special Counsel, Mary F. Whitney, Asst. Special counsel, Office of Special Counsel, Nancy E. Rix, Commission Legal Counsel, Hugh M. Collins, PhD, Chief Executive Officer, Judiciary Commission of Louisiana, Counsel for Applicant.
Carl Van Sharp, Counsel for Respondent.
PER CURIAM.
This matter comes before the court on the recommendation of the Judiciary Commission of Louisiana ("Commission"), pursuant to La. Const. art. V, § 25(C), that Carl Van Sharp, Judge of the Fourth Judicial District, Parish of Ouachita, be suspended from office for sixty days and ordered to pay the cost of the prosecution of these proceedings. For the reasons that *1214 follow, we adopt the Commission's recommendation.

FACTS AND PROCEDURAL HISTORY
Judge Sharp assumed his office on January 1, 1993 and has served continuously since that time. On June 15, 1998, the Commission filed a formal charge (Charge No. 0093) against Judge Sharp, alleging that he failed to render, issue, and sign judgments in a timely manner in five separate cases and failed to accurately report those cases to the Office of the Judicial Administrator as under advisement. In response to that charge, Judge Sharp and the Commission entered into a Deferred Recommendation of Discipline Agreement ("DRDA") in April 1999. Pursuant to the DRDA, Judge Sharp was placed on probation for a period of three years, commencing on April 15, 1999 and ending on April 15, 2002. During the probationary period, Judge Sharp obligated himself, among other things, to implement procedures to avoid having any future cases languish undecided, and he promised to notify the Office of the Judicial Administrator within seventy-two hours of taking any case under advisement, in addition to filing accurate monthly reports of cases taken under advisement. Furthermore, Judge Sharp agreed that he would not maintain any case under advisement for more than ninety days without the prior approval of the Judicial Administrator. If Judge Sharp failed to comply with his obligations under the DRDA, the default provisions of the agreement provided that Charge No. 0093 would be immediately reinstated by the Commission; the allegations of the Formal Charges would be deemed admitted; and Judge Sharp would agree to be publicly censured by this court. Alternatively, if the term of the DRDA expired without there having been a violation by Judge Sharp thereof, the Commission agreed that it would dispense with making any recommendation of discipline to this court in connection with Charge No. 0093.
On August 28, 2001, during Judge Sharp's probationary period, a complaint was filed against him by William Heard, the plaintiff in a community property partition case pending in Judge Sharp's court. William Mallard Heard, Jr. v. Ann Bennett Heard, No. 97-0772-G on the docket of the Fourth Judicial District Court for the Parish of Ouachita. In his complaint, Mr. Heard stated that Judge Sharp tried the partition on May 25, 1999, but thereafter he did not render any ruling. Over the next two years, Mr. Heard made periodic inquiries to his attorney about the matter, but still no ruling was forthcoming. In May 2001, Mr. Heard's attorney spoke personally with Judge Sharp, who asked that the case be reargued to "refresh" his "memory about the facts." That hearing was held on Wednesday, June 20, 2001, during which Judge Sharp apparently indicated that he would issue a ruling within the following week. However, he failed to do so. When Judge Sharp still had not rendered a ruling by the end of August 2001, Mr. Heard reluctantly submitted his complaint, suggesting he simply wanted "to finalize this chapter in my life and believe I deserve a fair and final answer."
On September 6, 2001, the Office of Special Counsel forwarded a copy of Mr. Heard's complaint to Judge Sharp for a response. Judge Sharp failed to reply. On January 24, 2002, the Commission notified Judge Sharp that an investigation had been authorized into Mr. Heard's complaint. On August 20, 2002, the Commission filed a formal charge (Charge No. 0185) against Judge Sharp, alleging that he failed to render, issue, and sign a judgment in the Heard case in a timely manner and failed to accurately report to the Office of the Judicial Administrator that the *1215 Heard case was taken under advisement, in violation of Supreme Court General Administrative Rules Part G, § 2 and La. R.S. 13:4207. The Commission alleged Judge Sharp's conduct violated the Code of Judicial Conduct and the Louisiana Constitution.[1]
Judge Sharp was duly served with the formal charge, but he did not respond. In light of Judge Sharp's failure to participate in the proceedings, the Commission issued orders deeming the allegations of the formal charge admitted and limiting any presentation to be made by Judge Sharp at the hearing on the merits.
On June 20, 2003, the Commission convened a hearing in this matter. Judge Sharp appeared at the hearing and admitted the factual allegations set forth in Mr. Heard's complaint. He personally apologized to Mr. Heard, who was present to testify, but nevertheless admitted that he still had not handed down any decision in the Heard case.
At the conclusion of its hearing, the Commission issued its findings of fact and conclusions of law. The Commission noted that this court has previously censured judges for failing to render judgments timely. However, the Commission concluded more severe discipline than public censure was warranted in the instant case, because (1) until June 20, 2003, the date of the hearing, Judge Sharp completely ignored the Commission and its efforts to address Mr. Heard's complaint, (2) Judge Sharp was the subject of previous complaints about delays in deciding cases, and he admitted to these complaints after the filing of formal charges, and (3) Judge Sharp repeatedly filed reports with the Office of the Judicial Administrator stating that he had no cases under advisement, when he well knew that the Heard case was undecided, reflecting dishonesty. Based on these considerations, the Commission recommended that Judge Sharp be suspended from judicial office without pay for sixty days, as well as ordered to reimburse and pay to the Commission costs in the amount of $210.00 incurred in the investigation and prosecution of this case.[2]
Shortly after the Commission's filing in this court, Judge Sharp filed a stipulation in which he accepted the Commission's recommendation of discipline. He also waived oral argument before this court and requested that we consider the matter based on the record developed before the Commission. The Office of Special Counsel concurred in Judge Sharp's motion.

DISCUSSION
Because Judge Sharp and the Office of Special Counsel have stipulated to *1216 the facts, the sole issue presented is the appropriate measure of discipline in this case. In re: Shea, 02-0643 (La.4/26/02), 815 So.2d 813. In determining an appropriate sanction, we are mindful that the primary purpose of the Code of Judicial Conduct is to protect the public rather than to discipline judges. In re: Harris, 98-0570 (La.7/8/98), 713 So.2d 1138; In re: Marullo, 96-2222 (La.4/8/97), 692 So.2d 1019.
In In re: Tuck, 96-1444 (La.11/25/96), 683 So.2d 1214, we explained that the sanctions in cases involving failure to render decisions timely were decided on a case-by-case basis. We set forth the following factors to be considered:
(1) the amount of delay from the date the case was ripe for decision; (2) the complexity of the case; (3) the administrative and judicial workload of the judge; (4) the number of special assignments given to the judge; (5) the amount of vacation time taken; and (6) other complaints involving delayed decisions made against the judge.
Applying these factors to the instant case, we find the delay from the date the Heard matter was ripe for decision until judgment was over four years, clearly an unreasonable length of time. There is no evidence that this case involved a particularly complex legal issue, or that Judge Sharp carried an unusually heavy administrative or judicial workload. The record is silent as to any special assignments given to or vacation time taken by Judge Sharp; however, it does not appear either of these factors resulted in the delay of his decision in Heard. Finally, regarding other complaints of delayed decisions, Judge Sharp has admitted that he failed to timely render judgments in the five cases encompassed by the 1999 DRDA.
Judge Sharp's failure to decide cases in a timely manner is compounded by his failure to comply with this court's rule requiring judges to report to the Judicial Administrator all cases that are maintained under advisement for longer than thirty days. In fact, the monthly reports filed by Judge Sharp with the Office of the Judicial Administrator indicated that he had no cases under advisement, despite the fact that the Heard case remained undecided. The rules of judicial administration, established by this court pursuant to its supervisory authority, were designed to promote the efficient and effective operation of the state's court system. Supreme Court General Administrative Rules Part G, § 2, which requires judges to report the status of cases pending beyond the established time period, was intended to provide a system of accountability and to promote the orderly and expeditious disposition of all matters submitted to a judge. In re: Wimbish, 98-2882 (La.4/13/99), 733 So.2d 1183.
In both Tuck and Wimbish, we imposed minimal discipline, in the form of a censure, upon judges who unreasonably delayed decisions. However, in those cases, we were impressed that the judges had made sincere efforts to improve their procedures and ensure judgements were rendered timely. By contrast, the record in the instant matter is devoid of any evidence showing Judge Sharp has demonstrated any improvement in his ability to render decisions in a timely fashion.[3] Under these circumstances, we conclude a more severe sanction than the censure imposed in Tuck and Wimbish is warranted in this case.
*1217 Accordingly, we will suspend Judge Sharp from judicial office without pay for a period of sixty days.

DECREE
For the reasons assigned, it is ordered that Judge Carl Van Sharp of the Fourth Judicial District, Parish of Ouachita, State of Louisiana, be suspended from judicial office for sixty days without pay. It is further ordered that Judge Carl Van Sharp reimburse and pay to the Judiciary Commission of Louisiana costs in the sum of $210.00 incurred in the investigation and prosecution of his case, pursuant to Supreme Court Rule XXIII, § 22. Any application for rehearing in this matter shall be filed no later than 5:00 p.m. on October 31, 2003.
NOTES
[1] Specifically, the Commission alleged Judge Sharp's conduct violated Canons 1 (a judge shall uphold the integrity and independence of the judiciary), 2A (a judge shall respect and comply with the law), 3A(7) (a judge shall dispose promptly of the business of the court), and 3B(1) (a judge shall diligently discharge his administrative responsibilities and maintain professional competence in judicial administration) of the Code of Judicial Conduct. The Commission further alleged that Judge Sharp engaged in willful misconduct relating to his official duty, engaged in willful and persistent failure to perform his duty, and engaged in persistent and public conduct prejudicial to the administration of justice that brought the judicial office into disrepute, all in violation of La. Const. art. V, § 25(C).
[2] The Commission also recommended "that if on the date of filing of this recommendation [August 8, 2003], if there is no signed judgment in the case Heard v. Heard, the Supreme Court order Judge Sharp to render and deliver a written judgment to all parties and to the clerk of court of the 4th Judicial District Court within five business days." On September 24, 2003, Judge Sharp signed a judgment in Heard. Accordingly, this portion of the Commission's recommendation is moot.
[3] Indeed, the judgment in Heard was not rendered until six weeks after the Commission's recommendation was filed in this court.