WEIMER, J.,
concurring in part and dissenting in part.
LI agree with the majority that the parties’ stipulations to the underlying uncontested facts resolve the question of whether there was a violation of the Code of *641 Judicial Conduct. Nevertheless, I believe the sanction of a thirty-day suspension without pay is too harsh and, instead, a fully deferred suspension would adequately serve the purpose of this disciplinary proceeding. Thus, I dissent from the penalty portion of the majority opinion.
In part, this case presents the difficult issue of determining whether a judge accused of judicial misconduct has fully accepted responsibility for his action. I fear that in this matter, the presentation of mitigating evidence and an explanation are being misconstrued as a failure to accept responsibility.[1]
Throughout the disciplinary proceedings, Judge Cresap has expressed remorse and taken responsibility for his actions. (See majority opinion at p. 634 for a quote from Judge Cresap in which he takes full responsibility for his actions. This quote is representative of a number of instances in which Judge Cresap accepted responsibility and expressed remorse.) His defense was he did not act with any [¡¡.malicious intent. As such, he asked that he not be sanctioned. The state of mind of a judge accused of misconduct may be relevant.[2] The Judiciary Commission, after a hearing, recommended a suspension without pay for thirty days. It was then that Judge Cresap filed a brief in this court suggesting as an alternative he receive a written public admonishment. I do not perceive this suggestion as a failure to accept full and complete responsibility in this matter until the eleventh hour as suggested by the majority. See majority opinion at p. 640. Once the Judiciary Commission determined his actions violated the Code of Judicial Conduct, he did not dispute this finding in his brief to this court. His brief was the first opportunity he had to respond to the Judiciary Commission’s recommendation of discipline. His suggestion regarding the appropriate discipline is a realization that some discipline will be imposed.
In this matter, Judge Cresap stipulated to the facts, admitted he made a mistake, expressed remorse, apologized for his actions, and accepted responsibility, but contended he did not act with malicious intent and asked that he not be sanctioned. He then left it to the Judiciary Commission to determine if his actions violated the Code of Judicial Conduct. This, in my estimation, does not reflect a failure to accept responsibility.
It is not inconsistent to admit a mistake, but to offer an explanation. It is not inconsistent to acknowledge an error and to offer mitigating evidence. It is not *642 inconsistent to express remorse and to request leniency in the sanction.
|3I note that the nonexclusive factors to consider in imposing discipline do not require an admission that the code or constitution has been violated. One factor to consider is whether the judge has acknowledged or recognized that the act occurred. See majority opinion at p. 639 citing In re Chaisson, 549 So.2d 259 (La.1989). Judge Cresap repeatedly acknowledged the acts occurred. He should not be penalized for contending he never intended to violate an ethical precept.
We must distinguish between remorse only because one faces discipline as opposed to sincere remorse for one’s action, I believe Judge Cresap falls into the latter category.
The Office of Special Counsel for the Judiciary Commission recommended Judge Cresap be publicly censured. The case out of which this matter arose built up over a period of time into a contentious case which Judge Cresap was injected into as a result of a motion to recuse which, in part, recited the same grounds as a prior motion to recuse. As correctly found by the Judiciary Commission, Judge Cresap, although not a novice, was not a seasoned judge. He has apologized to the attorneys involved.
Given the facts of this case, I would find Judge Cresap accepted responsibility for his actions and is remorseful. I would impose a fully deferred suspension.

. The majority has cited In re Clark, 03-2920 (La.2/20/04), 866 So.2d 782, stating that the facts in that case are “strikingly similar” to the facts in the instant case. I respectfully disagree, finding the two cases are distinguishable. Judge Clark was initially admonished for unreasonable delays in handling his docket, and he made assurances that he would not engage in those actions again. However, when he was called to task another time for delay, Judge Clark cited other facts that he claimed justified his delays. He also demonstrated delay in his responses to the Judiciary Commission and failed to report accurately and timely to the Judicial Administrator that cases were taken under advisement. One who promises to improve and does not demonstrates a failure to accept responsibility.

. Although in In re Elloie, 05-1499 (La. 1/19/06), 921 So.2d 882, we found a lack of conscious intent can still support the imposition of judicial discipline, I suggest the state of mind of a judge, whether malicious or intentional or negligent is relevant. See In re Shea, 02-0643, p. 7 (La.4/26/02), 815 So.2d 813, 817, which noted good faith, a state of mind, is a mitigating factor although not a defense. See also In re Marullo, 96-2222, p. 7 (La.4/8/97), 692 So.2d 1019, 1023; In re Chaisson, 549 So.2d 259, 267 (La.1989).