719 So.2d 432 (1998)
In re Judge James BEST.
No. 98-O-0122.
Supreme Court of Louisiana.
October 20, 1998.
*433 Nancy E. Rix, Hugh M. Collins, Steven R. Scheckman, New Orleans, for Applicant.
Christopher D. Matchett, Baton Rouge, for Respondent.

ON RECOMMENDATION FOR DISCIPLINE FROM THE JUDICIARY COMMISSION OF LOUISIANA
JOHNSON, Justice.[*]
This matter comes before the court on the recommendation of the Judiciary Commission of Louisiana (Commission) that Judge James Best of the Eighteenth Judicial District Court for the parishes of Iberville, Pointe Coupee, and West Baton Rouge, State of Louisiana be publicly censured and ordered to reimburse the Commission for the costs incurred in the investigation and prosecution of this case. The Commission conducted an investigatory hearing and issued findings of fact and conclusions of law. The Commission found that Judge Best made comments concerning pending cases to a newspaper reporter in violation of canon 3, subsection A(8) of the Code of Judicial Conduct; that he took a straw poll of the courtroom audience response regarding the guilt of a defendant in violation of canons 1, 2, and 3 A(1)-(2) of the Code of Judicial Conduct; and that he undertook the chastisement of a juvenile in the courtroom in violation of canons 1, 2, and 3 A(2)-(3) of the Code of Judicial Conduct.

FACTS
The Commission filed formal charges against Judge Best on May 20, 1997. Initially, the formal charges against Judge Best consisted of four separate charges. However, the Commission dropped Charge I. The Commission conducted a preliminary investigation of the factual allegations surrounding Charge I and Concluded that they were not supported by clear and convincing evidence.

CHARGE II
In Charge II, Judge Best was accused of making public comments concerning two separate pending matters. The first instance concerned the pending matter of State v. Coleman. In State v. Coleman, attorney Jerome D'Aquila filed a motion to recuse Judge Best. Thereafter, Judge Best made comments to a reporter for The Advocate, which appeared on October 24, 1995. In that article, Judge Best commented on Mr. D'Aquila's motion to recuse stating, "I don't think much of it. It's frivolous. There's not a reason in the world to recuse myself. It's just an effort by Jerry to zealously represent his client...." Judge Best was also asked to respond to Mr. D'Aquila's claim that Judge Best improperly denied a motion to quash by not allowing him to present evidence. Judge Best responded, "I gave him a cutoff date and he failed to submit the evidence in time. He failed in representing his client."
Charge II also involves comments made by Judge Best to The Advocate in the case of State v. Hernandez. Judge Best handled a motion to recuse the judge who was assigned to hear the matter of State v. Hernandez. Pursuant to a settlement, the judge agreed that for a two year period she would be recused from all cases involving a law firm in Plaquemine, LA. The order containing the settlement was originally sealed in the court's record. However, Judge Best subsequently made the recusal order public after an inquiry from The Advocate. The judge then rescinded her agreement to recuse herself from all cases involving the Plaquemine, LA law firm. In response to this rescission, Judge Best told a reporter for The Advocate, *434 "I don't believe she has the authority [to rescind her agreement]. I don't think she's a party to it." These comments were published in the November 22, 1996, issue of The Advocate.
Additional comments by Judge Best were published in the November 23, 1996, issue of The Advocate. In that article Judge Best stated, "I had reservations about sealing those documents (the settlement order), but all parties to the order wanted them secret."
The Commission charged Judge Best with violating canons 1, 2, and 3 A(8) of the Code of Judicial Conduct, and article V, section 25 C of the Louisiana Constitution of 1974.

CHARGE III
Charge III involves Judge Best's conduct while hearing the matter of State v. Briscoe. In State v. Briscoe, Judge Best took a poll of the audience as to whether they thought the defendant, who was representing himself, was guilty of battery. The following colloquy transpired:
JUDGE BEST: All right. If you think I ought to find him not guilty, will you stand up?
GENTLEMEN [sic] FROM THE AUDIENCE: What's this?
JUDGE BEST: If you think I ought to find him not guilty for two counts of battery on a woman, stand up, if you think I ought to find him not guilty.
JUDGE BEST: If you think I ought to find him guilty, stand up. (General laughter from the audience).
PROSECUTOR: I think we are all reasonable people, Judge.
JUDGE BEST: All right. Order in the Court. The Court finds you guilty. Two counts of battery on aon a woman.
(R. at 750.) Thereafter, Judge Best rendered a verdict of guilty. Because of this behavior, the Commission charged Judge Best with violating canons 1, 2, and 3 A(1) and (2) of the Code of Judicial Conduct and article V, section 25 C, of the Louisiana Constitution of 1974.

CHARGE IV
Charge IV involves Judge Best's conduct during In the Interest of Juvenile P. During the hearing on this matter, Juvenile P was belligerent, disrespectful, and made profane comments to the judge under his breath. Judge Best reacted to this behavior by grabbing Juvenile P by the shirt and pulling him so that their eyes met and their noses almost touched. See, (R. at 172.) Judge Best then released Juvenile P and said:
Get over there.[2] I can tell you (Juvenile P's mother) what you need to do with him, you need to take him and stick him upside down in a trash can and haul him out to the yard. He is belligerent, he mouthed off at you the whole time you testified. I heard what you (Juvenile P) said under my breath, [s]on, under your breath. You (juvenile P) need to be taken behind a shed and whipped, that's what you need. And I'm just sorry the law doesn't give me the authority to do it right here in this courtroom. Yeah, you sneer. You're a punk is what you are. Go ahead, cry.... Ma'am (Juvenile P's mother), you got a real problem on your hands. He's Angola bound.[3]
(R. at 658.)
Judge Best was charged with violating canons 3 A(2) and (3) of the Code of Judicial Conduct and article V, section 25 C of the Louisiana Constitution of 1974.

DISCUSSION
The Louisiana Supreme Court has exclusive original jurisdiction over all judicial disciplinary cases. La. Const. of 1974, art. V, § 25 C. The grounds for disciplinary action against a judge are set forth in article V, section 25 C, of the Louisiana Constitution of 1974. It provides: "On recommendation of the judiciary commission, the Supreme Court may censure, suspend with or without salary, remove from office, or retire involuntarily a *435 judge for willful misconduct relating to his official duty, willful and persistent and public conduct while in office which would constitute a felony, or conviction of a felony." La. Const. of 1974, art. V, § 25 C. The Supreme Court has adopted the Code of Judicial Conduct pursuant to its supervisory authority over all lower courts. See, La. Const. of 1974, art. V, § 5(A) (stating that the supreme court has general supervisory jurisdiction over all other courts). The Code of Judicial Conduct is binding on all members of the judiciary, and violations of its Canons may serve as the basis for disciplinary action. In re Marullo, 96-2222, p. 3 (La.4/8/97), 692 So.2d 1019, 1021. However, before the court can discipline a judge, the charges against that judge must be proven by clear and convincing evidence. In re Quirk, 97-1143, p. 4 (La.12/12/97), 705 So.2d 172, 176.
In Charge II, Judge Best is charged with violating canons 1, 2, and 3 A(8) of the Code Judicial Conduct, and article V, section 25 C of the Louisiana Constitution of 1974. Canon 3 A(8), which forbids a judge from making any statements on the substance of a pending case, was revised in 1996. Judge Best's comments to The Advocate concerning State v. Coleman were published on October 24, 1995. Therefore, Judge Best's conduct concerning State v. Coleman is governed by the pre-1996 version of Canon 3 A(8). It provided:

A Judge Shall Perform the Duties of Office Impartially and Diligently: A judge should abstain from public comments about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his or her direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court.
Code of Judicial Conduct Canon 3 A(8) (revised 1996). However, Judge Best's comments concerning State v. Hernandez were published in The Advocate on November 22 and 23, 1996. Therefore, Judge Best's conduct concerning State v. Hernandez is governed by the current Canon 3 A(8) which states:
A judge shall not, while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or bring the judiciary into disrepute, and shall require similar abstention on the part of court personnel subject to his or her direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court.
Code of Judicial Conduct Canon 3 A(8) (1996).
Judge Best has admitted that his comments were inappropriate. See, (Best Br. at 5.) However, Judge Best claims that he did not comment on the merits of either matter and therefore he is not subject to discipline. We are not persuaded by this argument. Canon 3 A(8) prohibits public comments on a pending case whether or not those comments are on the merits of a case. In addition, Judge Best suggests that his comments should be excused because he was surprised by Mr. D'Aquila's motion to recuse. This also does not excuse Judge Best's conduct.
In Charge III, Judge Best is charged with violating canons 1, 2, and 3 A(1) and (2) of the Code of Judicial Conduct, and article V, section 25 C of the Louisiana Constitution of 1974. Judge Best admits that he was wrong for asking the courtroom audience to vote on the guilt or innocence of the defendant in State v. Briscoe. However, Judge Best suggests that his conduct is not sanctionable because his verdict was not based on the audience vote. Judge Best contends that his verdict was based on the evidence presented at trial and that he only called for an audience vote to "involve the public in the judicial process." See, (Best Br. at 7.)
Whether or not Judge Best actually based his verdict on the audience's vote does not determine whether or not his conduct is sanctionable. The mere fact that he asked the courtroom audience to vote on the guilt of the defendant gave the impression that Judge Best based his verdict on something other than the evidence presented at trial. *436 This type of behavior destroys the credibility of the judiciary and undermines public confidence in the judicial process.
This court has previously held that a judge should not give the appearance of deciding a case on the basis on anything other than the evidence presented at trial. In In re Daniels, 340 So.2d 301 (La.1976), Judge William Daniels gave the appearance of deciding the guilt or innocence of various defendants by flipping a coin. Judge Daniels admitted to flipping the coin but denied that the outcome of the cases was based on the coin toss. This court held that whether or not Judge Daniels actually decided the outcome of the cases on the results of the coin toss was irrelevant because his conduct gave the appearance of so deciding those cases. In re Daniels, 340 So.2d 301, 307 (La.1976).
Judge Best's conduct is similar to that of Judge Daniels. Whether or not Judge Best actually decided the case based on the audience's vote, his action gave the appearance of deciding a case using something other than the evidence presented at trial. As we stated in In re Daniels, "such unjudicial conduct cannot be condoned." In re Daniels, 340 So.2d at 307.
In Charge IV, Judge Best is charged with violating canons 3 A(2) and (3) of the Code of Judicial Conduct, and article V, section of 25 C of the Louisiana Constitution of 1974. Canons 3 A(2) and (3) provide:
Canon 3A(2). A judge shall maintain order and decorum in judicial proceedings. Canon 3A(3). A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and should require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control.
Code of Judicial Conduct Canon 3 A(2)-(3). Judge Best's conduct, by grabbing and publicly chastising Juvenile P, was undignified, injudicious, and inconsistent with the ethical standards required by the Code of Judicial Conduct. Judge Best was in no way patient, dignified, nor courteous to Juvenile P as required by canons 3 A(2) and (3) of the Code of Judicial Conduct.

CONCLUSION
Based on the foregoing, we find that Judge Best violated canons 1, 2, 3 A(1), (2), (3), and (8) of the Code of Judicial Conduct. This court has adopted a non-exclusive list of factors to be considered when deciding what the appropriate sanction should be for a judge who is subject to disciplinary action. The factors are:
(a) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (c) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge's official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been prior complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and (j) the extent to which the judge exploited his position to satisfy his personal desires.
In re Chaisson, 549 So.2d 259, 266 (La.1989). Judge Best's repeated comments to the media evidences a pattern of inappropriate conduct. His unethical behavior has occurred outside of the courtroom as well as during court proceedings. There is no doubt that Judge Best's actions have undermined public respect for the judiciary.
However, we recognize that Judge Best is a relatively inexperienced judge and may not have realized that his conduct was in error. We also recognize that no prior complaints have been filed against Judge Best which have resulted in the filing of formal charges. Lastly, Judge Best has admitted that his conduct was inappropriate and he has indicated that he will modify and change his behavior. Based on the foregoing, we find that public censure is appropriate in this case.

DECREE
For the reasons stated above, it is ordered that Judge James Best of the Eighteenth Judicial District Court for the parishes of *437 Iberville, Pointe Coupee, and West Baton Rouge, be and he is hereby publicly censured for violating canons 1, 2, 3 A(1), (2), (3), and (8), and article V, section 25 C of the Louisiana Constitution of 1974. It is further ordered that Judge Best reimburse the Louisiana Judiciary Commission $1,575.56, which is the amount of costs incurred during the prosecution and investigation of this case.
NOTES
[*] Kimball, J., not on panel, recused. See Rule IV, Part 2, § 3.
[2] The transcript of the hearing in this matter actually states "Get over here" (emphasis added). However, Judge Best reviewed the transcript and indicated that this was incorrect. According to Judge Best, he said "Get over there" (emphasis added).
[3] Judge Best was referring to the Louisiana State Penitentiary at Angola.