900 So.2d 814 (2005)
In re Justice of the Peace Weston BROUSSARD.
No. 2005-0-0475.
Supreme Court of Louisiana.
April 22, 2005.

*815 JUDICIAL DISCIPLINARY PROCEEDINGS
PER CURIAM.
This matter comes before the court on the recommendation of the Judiciary Commission of Louisiana ("Commission"), pursuant to La. Const. art. V, § 25(C), that Weston Broussard, Justice of the Peace, Ward 8, Parish of Lafayette, be publicly censured and ordered to pay the cost of the prosecution of these proceedings. For the reasons that follow, we adopt the recommendation of the Commission and publicly censure Justice of the Peace Broussard.

FACTS AND PROCEDURAL HISTORY
Weston Broussard has been a justice of the peace in Lafayette Parish since January 1, 1991. He is not an attorney, but is a notary public.
In August 2002, the Commission received correspondence from Judge Byron Hebert of the Fifteenth Judicial District Court raising questions of whether Justice of the Peace Broussard engaged in the unauthorized practice of law. Judge Hebert enclosed copies of pleadings filed in the divorce proceeding captioned Fauntleroy v. Fauntleroy, No. 78329 on the docket of the 15th Judicial District Court for the Parish of Vermilion, including a court filing wherein Mrs. Devonna Fauntleroy authorized the Clerk of Court to send notice of judgment and certified copies of the judgment of divorce to Justice of the Peace Broussard and instructed the clerk that any refund due to her should be sent to Justice of the Peace Broussard at his address. The record also indicated that Justice of the Peace Broussard prepared and notarized a "Motion to Dismiss for Improper Venue" filed in the Fauntleroy case.
In response to the complaint, Justice of the Peace Broussard denied that he engaged in the unauthorized practice of law. According to Justice of the Peace Broussard, *816 he merely performed notarial services in the Fauntleroy case (an uncontested divorce), including typing some documents and notarizing them for a fee. Justice of the Peace Broussard stressed that he never gives legal advice and always communicated the fact that he is not an attorney.
On March 30, 2004, the Commission filed a Formal Charge against Justice of the Peace Broussard, alleging that he engaged in the unauthorized practice of law, in violation of state law, by preparing, notarizing, and filing or processing divorce pleadings in eight cases. The Commission alleged that the conduct of Justice of the Peace Broussard violated Canons 1 (a judge shall uphold the integrity and independence of the judiciary) and 2A (a judge shall respect and comply with the law and act in a manner that promotes public confidence in the integrity and impartiality of the judiciary) of the Code of Judicial Conduct. The Commission further alleged that Justice of the Peace Broussard engaged in willful misconduct relating to his official duty and engaged in persistent and public conduct prejudicial to the administration of justice that brought the judicial office into disrepute, in violation of La. Const. art. V, § 25(C). Justice of the Peace Broussard answered the Formal Charge and admitted he "now knows the allegations contained" therein "are true and correct," but reiterated that he was acting as a notary public in the cases at issue, and not in his role as a justice of the peace.
On September 9, 2004, Justice of the Peace Broussard and the Office of Special Counsel ("OSC") jointly filed a "Statement of Stipulated Uncontested Material Facts and Stipulated Conclusions of Law." In the stipulated facts, Justice of the Peace Broussard admitted that he engaged in the unauthorized practice of law in eight cases.[1] The parties also stipulated that Justice of the Peace Broussard has discontinued his practice of preparing, notarizing, and filing or processing divorce pleadings, but that at the time he did so "he had no knowledge that the `drawing of papers, pleadings or documents' was deemed the `practice of law' nor that any of his actions would be deemed or considered to be the `practice of law.'" Finally, the parties stipulated that Justice of the Peace Broussard assisted these individuals as a notary public and used his notary seal; he did not perform any of these actions as a justice of the peace. Based on these stipulated facts, Justice of the Peace Broussard agreed that he violated the Code of Judicial Conduct as charged in the Formal Charge, and engaged in persistent and public conduct prejudicial to the administration of justice that brought the judicial office into disrepute, in violation of La. Const. art. V, § 25(C).[2]
*817 The Commission voted to accept the facts and legal conclusions submitted by the parties. During a brief before the Commission on January 21, 2005, Justice of the Peace Broussard testified on his own behalf and responded to questions posed by the Commission members. Justice of the Peace Broussard also introduced character evidence in the form of letters attesting to his good character. On March 1, 2005, the Commission filed its findings and recommendation in this court, recommending that Justice of the Peace Broussard be publicly censured. It further recommended that Justice of the Peace Broussard be ordered to pay costs of $105.00.
Shortly after the Commission's filing in this court, Justice of the Peace Broussard and the OSC filed a stipulation in which they accepted the recommendations of the Commission. The parties also waived oral argument before this court and requested that we consider the matter based on the record developed before the Commission.

DISCUSSION
Because Justice of the Peace Broussard and the OSC have stipulated to the facts, the sole issue presented is the appropriate measure of discipline in this case. In re: Shea, 02-0643 (La.4/26/02), 815 So.2d 813. In determining an appropriate sanction, we are mindful that the primary purpose of the Code of Judicial Conduct is to protect the public rather than discipline judges. In re: Harris, 98-0570 (La.7/8/98), 713 So.2d 1138; In re: Marullo, 96-2222 (La.4/8/97), 692 So.2d 1019.
While we recognize that Justice of the Peace Broussard did not intentionally violate the Code of Judicial Conduct, and that he merely intended to be of service to the public, the fact remains that he performed services in the eight cases at issue which may only be undertaken by a person licensed to practice law under the rules of this court. The unauthorized practice of law by a non-licensed person is an affront to our exclusive and plenary power to define and regulate all facets of the practice of law, including the admission of attorneys to the bar. See Bester v. Louisiana Supreme Court Comm. on Bar Admissions, 00-1360 (La.2/21/01), 779 So.2d 715. Additionally, it is a violation of state law under La. R.S. 37:213.
Justice of the Peace Broussard's violation of the rules of this court and the laws of this state has the potential to undermine the public's confidence in the integrity of the judiciary. As we explained in In re: Wimbish, 98-2882, p. 5 (La.4/13/99), 733 So.2d 1183, 1187:
The canons [of the Code of Judicial Conduct] were designed to promote a standard for judicial conduct that continuously reaffirms the integrity of the judiciary. Judges hold a unique position of administering justice. They symbolize the law, and, accordingly, their actions reflect favorably or unfavorably on the judicial system. For this reason, it is important that judges comply with the laws and rules governing their conduct in a manner which promotes public confidence.
In determining the appropriate sanction for a judge or judicial officer who is subject to a disciplinary action, this court has considered several non-exclusive factors. In re: Best, 98-0122 (La.10/20/98), 719 So.2d 432; In re: Chaisson, 549 So.2d 259 (La.1989). These factors are:
(a) whether the misconduct is an isolated instance or evidenced a pattern of *818 conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (e) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge's official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been prior complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and 0) the extent to which the judge exploited his position to satisfy his personal desires.
Applying these factors to the instant case, we find that Justice of the Peace Broussard's misconduct occurred on multiple occasions, evidencing a pattern of conduct. While this conduct was public in nature, it did not arise from Justice of the Peace Broussard's official duties as a justice of the peace. Moreover, personal gain was not the primary motivation for the conduct in question.[3]
Most significantly, Justice of the Peace Broussard has acknowledged his violations of the Code, and he modified his behavior as soon as it came to his attention that he had acted wrongfully. The good faith nature of his actions is reinforced by the lack of any other complaints or disciplinary action against Justice of the Peace Broussard during the nearly fifteen years he has served in his position. While good faith is not an affirmative defense to a judicial disciplinary charge, it may be considered as a mitigating factor which militates in favor of a lesser sanction. Marullo, 96-2222 at p. 7, 692 So.2d at 1023; Chaisson, 549 So.2d at 267.
Considering all these facts, we conclude the sanction of public censure is appropriate. Accordingly, we will accept the recommendation of the Commission and publicly censure Justice of the Peace Broussard, as well as order him to pay the costs of these proceedings.

DECREE
For the reasons assigned, it is ordered that Justice of the Peace Weston Broussard be publicly censured for violating Canons 1 and 2A of the Code of Judicial Conduct (1996) and Article V, Section 25(C) of the Louisiana Constitution of 1974. It is further ordered that Justice of the Peace Weston Broussard reimburse the Judiciary Commission of Louisiana the sum of $105.00.
NOTES
[1] The eight cases are:

1. Fauntleroy v. Fauntleroy, No. 02-3400 (Lafayette Parish) and No. 78329 (Vermilion Parish) (Justice of the Peace Broussard charged a fee in the amount of $94.75);
2. Schneider v. Chandler, No. 01-3814 (Lafayette Parish) ($102.00 fee);
3. Sonnier v. Sonnier, No. 02-0958 (Lafayette Parish) ($140.50 fee);
4. Hudson v. Baudoin, No. 02-2288 (Lafayette Parish) ($227.00 fee);
5. Cornett v. Cornett, No. 02-2591 (Lafayette Parish) ($200.75 fee);
6. Smith v. Smith, No. 02-6552 (Lafayette Parish) ($47.25 fee);
7. Domingue v. Parker, No. 03-0227 (Lafayette Parish) ($176.50 fee);
8. Puffer v. Puffer, No. 89-3814 (Lafayette Parish) (no fee charged).
[2] Justice of the Peace Broussard did not stipulate that he engaged in willful misconduct relating to his official duty, as charged in the Formal Charge. In his opening statement before the Commission, Special Counsel conceded that Justice of the Peace Broussard "was not acting in his official capacity or this isn't really an official duty question, so I think his point is well-taken there."
[3] Although Justice of the Peace Broussard charged nominal fees in some of the matters at issue, he testified that in most instances he did not actually collect these fees.