JUDICIAL DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This matter comes before the court on the recommendation of the Judiciary Commission of Louisiana (“Commission”), pursuant to La. Const, art. V, § 25(C), that Leon A. Cannizzaro, Jr., Judge of the Court of Appeal, Fourth Circuit, be publicly censured and ordered to pay the cost of the prosecution of these proceedings. For the reasons that follow, we adopt the recommendation of the Commission and publicly censure Judge Cannizzaro.
FACTS AND PROCEDURAL HISTORY
Judge Leon A. Cannizzaro, .Jr. was first elected as a judge in 1986, serving in the Criminal District Court for the Parish of Orleans.' He was elevated to the Court of Appeal, Fourth Circuit in October 2002, and has served continuously in that position since January 1, 2003.
In July 2002, the Commission received an anonymous complaint concerning cam *1036 paign contributions accepted by Judge Cannizzaro in October 1999. Upon reviewing Judge Cannizzaro’s response to the complaint, including copies of checks the judge had personally written on a bank account styled “Leon A. Cannizzaro, Jr. Campaign Fund,”[1] the Commission authorized an investigation to determine whether | ⅞Judge Cannizzaro was in compliance with the rules set forth in Canon 7 of the Code of Judicial Conduct regarding campaigns for judicial office.
On February 19, 2004, the Commission filed a Formal Charge against Judge Can-nizzaro, alleging that he engaged in judicial ethical misconduct in connection with his campaign activities by personally accepting campaign contributions, by allowing his spouse and court staff to do on his behalf what he is prohibited by the Canons from doing, and by acting as his own campaign committee. The Commission alleged that Judge Cannizzaro’s conduct violated Canons 7B(l)(b) (a judge shall prohibit his employees from doing on his behalf what he is prohibited from doing under Canon 7), 7B(l)(c) (a judge shall not authorize or knowingly permit any person to do for him what he is prohibited from doing under Canon 7), 7D(1) (a judge shall not personally solicit or accept campaign contributions), and 7D(3) (a campaign committee may solicit or accept campaign contributions for the candidate’s campaign) of the Code of Judicial Conduct. The Commission further alleged that Judge Cannizzaro engaged in willful misconduct relating to his official duty and engaged in persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of La. Const, art. V, § 25(C). Judge Cannizzaro answered the Formal Charge and denied any intentional misconduct.
On August 12, 2004, Judge Cannizzaro and the Office of Special Counsel (“OSC”) jointly filed a “Statement of Stipulated Uncontested Material Facts and Stipulations Concerning Conclusions of Law and Recommendation of Discipline.” The parties stipulated that Judge Cannizzaro endorsed and deposited campaign contribution checks into his “Leon A. Cannizzaro, Jr. Campaign Fund” bank account. The contributions at issue were solicited by Judge Cannizzaro’s minute clerk, Nat |sComarda, in connection with an October 1999 fund-raising dinner in support of Judge Canniz-zaro.[2] The parties further stipulated that the fund-raising dinner was planned and organized by Mr. Comarda, an employee who was subject to the judge’s control and direction. Based on these stipulated facts, the parties agreed that Judge Cannizzaro violated the Code of Judicial Conduct as charged in the Formal Charge,[3] for which *1037 misconduct the Commission should recommend an appropriate penalty no greater than a public censure.[4]
The Commission voted to accept the stipulated facts and legal conclusions submitted by the parties. During a brief hearing before the Commission on January 21, 2005, Judge Cannizzaro testified on his own behalf and responded to questions posed by the Commission members. On March 4, 2005, the Commission filed its findings and recommendation in this court, recommending that Judge Cannizzaro be publicly censured. It further recommended that Judge Cannizzaro be ordered to pay costs of $809.50.
| ¿Shortly after the Commission’s filing in this court, Judge Cannizzaro and the OSC filed a stipulation in which they accepted the recommendations of the Commission. The parties also requested that they be allowed to waive oral argument before this court and that we consider the matter based on the record developed before the Commission. We granted the motion.
DISCUSSION
Because Judge Cannizzaro and the OSC have stipulated to the facts, the sole issue presented is the appropriate measure of discipline to be imposed in this case. In re: Shea, 02-0643 (La.4/26/02), 815 So.2d 813. We have considered several non-exclusive factors in determining an appropriate sanction for a judge who is subject to a disciplinary action. In re: Best, 98-0122 (La.10/20/98), 719 So.2d 432; In re: Chaisson, 549 So.2d 259 (La.1989). These factors are:
(a) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (c) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge’s official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been pri- or complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and (j) the extent to which the judge exploited his position to satisfy his personal desires.
Applying these factors to the instant case, we find that Judge Cannizzaro engaged in a pattern of improper campaign conduct through his acceptance of contributions without using a campaign committee. The provisions of Canon 7 of the Code of Judicial Conduct are clear and unambiguous on this point. Judge | ^Cannizzaro’s failure to abide by these provisions had the potential to seriously undermine the public’s confidence in the integrity of the judiciary.
In mitigation, we find that Judge Can-nizzaro’s actions were not the product of *1038 any dishonest or improper motive. Once his actions were called to his attention, he modified his campaign practices. He has expressed remorse for his misconduct.
The primary purpose of the Code of Judicial Conduct is to protect the public rather than discipline judges. In re: Harris, 98-0570 (La.7/8/98), 713 So.2d 1138; In re: Marullo, 96-2222 (La.4/8/97), 692 So.2d 1019. Considering all the circumstances of this case, we conclude the sanction of public censure is appropriate.
Accordingly, we will accept the recommendation of the Commission and publicly censure Judge Cannizzaro, as well as order him to pay the costs of these proceedings.
DECREE
For the reasons assigned, it is ordered that Judge Leon A. Cannizzaro, Jr. be publicly censured for violating Canons 7B(1)(b), 7B(1)(c), 7D(1), and 7D(3) of the Code of Judicial Conduct (1996). Judge Leon A. Cannizzaro, Jr. is further ordered to reimburse the Judiciary Commission of Louisiana the sum of $809.50.
KIMBALL, J., concurs in result and assigns reasons.
TRAYLOR, J., concurs for reasons assigned by KIMBALL, J.

. Judge Cannizzaro was the only person authorized to use the "Leon A. Cannizzaro, Jr. Campaign Fund” bank account, which he opened in July 1996. Judge Cannizzaro closed the account on September 9, 2002.

. The contributions at issue were listed on a Campaign Finance Report dated April 20, 2000 (as amended January 19, 2005), prepared and filed by Judge Cannizzaro without the assistance of a campaign committee.

. Specifically, Judge Cannizzaro stipulated that he violated Canons 7B(l)(b) and 7B(l)(c) when his minute clerk solicited campaign contributions and planned and organized a campaign fund-raising dinner. Judge Canniz-zaro stipulated that he violated Canons 7D(1) and 7D(3) by accepting campaign contributions and failing to use a campaign committee for purposes of soliciting or accepting campaign contributions on his behalf. Judge Cannizzaro did not stipulate that he violated the Louisiana Constitution, and the stipulation did not reserve the right of the Special Counsel to urge those additional violations. Accordingly, the Commission confined its inquiry to whether or not Judge Cannizzaro’s violation of the Code of Judicial Conduct justified the imposition of discipline.

. The stipulation also addressed two prior complaints involving Judge Cannizzaro. In File No. 99-1649, Judge Cannizzaro admitted that he authorized supplemental pay for two public employees who were not court employees and for a third public employee who was an employee of the clerk of court's office, a separate and distinct entity. In June 2000, the Commission issued a letter of admonishment to Judge Cannizzaro for his conduct and thereafter closed the file. The Commission opened File No. 01-2484 after Judge Canniz-zaro responded to the questions of a newspaper reporter concerning the prior proceedings before the Commission. In October 2001, the Commission voted to close the file but cautioned Judge Cannizzaro against making comments to the media. Judge Cannizzaro did not have the opportunity to appear before the Commission to address the issues raised in either matter.