943 So.2d 331 (2006)
In re Justice Of The Peace Rebecca CRAWFORD, Ward 6, Parish of St. Tammany, State of Louisiana.
No. 2006-O-2385.
Supreme Court of Louisiana.
November 9, 2006.

JUDICIAL DISCIPLINARY PROCEEDINGS
PER CURIAM.
This matter comes before us on the recommendation of the Judiciary Commission of Louisiana ("Commission"), pursuant to La. Const. art. V, § 25(C), that Rebecca Crawford, Justice of the Peace, Ward 6, Parish of St. Tammany, be publicly censured and ordered to pay the cost of the prosecution of these proceedings. For the reasons that follow, we adopt the recommendation of the Commission and publicly censure Justice of the Peace Crawford.

*332 FACTS AND PROCEDURAL HISTORY
Rebecca Crawford has been a justice of the peace in St. Tammany Parish since May 11, 1987. She is not an attorney, but has been a notary public since January 1979.
In October 2003, the Commission received an anonymous complaint which reported that Justice of the Peace Crawford had engaged in the unauthorized practice of law by preparing divorce pleadings. In response to the complaint, Justice of the Peace Crawford admitted that she had typed documents for her constituents to file in proper person, but she stated that she thought she was permitted to do so by virtue of her notarial commission. Justice of the Peace Crawford also stressed that she had stopped this practice immediately upon receipt of the anonymous complaint.
On January 27, 2006, the Commission filed a Formal Charge against Justice of the Peace Crawford, alleging that she engaged in the unauthorized practice of law, in violation of state law, by preparing and notarizing divorce pleadings in sixteen specified cases. The Commission alleged that the conduct of Justice of the Peace Crawford violated Canons 1 (a judge shall uphold the integrity and independence of the judiciary) and 2A (a judge shall respect and comply with the law and act in a manner that promotes public confidence in the integrity and impartiality of the judiciary) of the Code of Judicial Conduct. The Commission further alleged that Justice of the Peace Crawford engaged in willful misconduct relating to her official duty and engaged in persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of La. Const. art. V, § 25(C). Justice of the Peace Crawford answered the Formal Charge and denied that she willfully or intentionally engaged in the unauthorized practice of law.[1]
On May 8, 2006, Justice of the Peace Crawford and Special Counsel jointly filed a "Statement of Stipulated Uncontested Material Facts and Stipulated Conclusions of Law." In the stipulated facts, Justice of the Peace Crawford admitted that she engaged in the unauthorized practice of law in sixteen specified cases, all of which were pending in the 22nd Judicial District Court for the Parish of St. Tammany, by preparing and notarizing divorce pleadings and charging a fee for her services. The parties also stipulated that respondent has discontinued preparing and notarizing divorce pleadings, but that at the time she did so "she had no knowledge that the `drawing of papers, pleadings or documents' was deemed the `practice of law,' nor that any of her actions would be deemed or considered to be the `practice of law.'" Finally, the parties stipulated that *333 respondent assisted these individuals as a notary public and used her notary seal; she did not perform any of these actions as a justice of the peace.
Based on these stipulated facts, the parties agreed that respondent violated the Code of Judicial Conduct as charged in the Formal Charge, and engaged in persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of La. Const. art. V, § 25(C).[2]
The Commission voted to accept the stipulated facts and legal conclusions submitted by the parties. During a brief hearing before the Commission on August 19, 2006, respondent testified on her own behalf and responded to questions posed by the Commission members. Respondent also introduced thirteen letters from persons in the Pearl River area and surrounding communities attesting to her good character.
On September 29, 2006, the Commission filed its findings and recommendation in this court, recommending that Justice of the Peace Crawford be publicly censured. It further recommended that Justice of the Peace Crawford be ordered to pay costs of $507.06.
Shortly after the Commission's filing in this court, Justice of the Peace Crawford and Special Counsel filed a joint stipulation in which they accepted the recommendations of the Commission. The parties also filed a motion waiving oral argument before this court and requesting that we consider the matter based on the record developed before the Commission. We granted the motion.

DISCUSSION
Because Justice of the Peace Crawford and Special Counsel have stipulated to the facts, the sole issue presented is the appropriate measure of discipline in this case. In re: Shea, 02-0643 (La.4/26/02), 815 So.2d 813. In determining an appropriate sanction, we are mindful that the primary purpose of the Code of Judicial Conduct is to protect the public rather than discipline judges. In re: Harris, 98-0570 (La.7/8/98), 713 So.2d 1138; In re: Marullo, 96-2222 (La.4/8/97), 692 So.2d 1019.
The undisputed evidence in the record establishes that Justice of the Peace Crawford performed services in sixteen cases which may only be undertaken by a person licensed to practice law under the rules of this court. The unauthorized practice of law by a non-licensed person is an affront to our exclusive and plenary power to define and regulate all facets of the practice of law, including the admission of attorneys to the bar. See Bester v. Louisiana Supreme Court Comm. on Bar Admissions, 00-1360 (La.2/21/01), 779 So.2d 715. Additionally, it is a violation of state law under La. R.S. 37:213.
Justice of the Peace Crawford's violation of the rules of this court and the laws of this state has the potential to undermine the public's confidence in the integrity of the judiciary. As we explained in In re: Wimbish, 98-2882, p. 5 (La.4/13/99), 733 So.2d 1183, 1187:
The canons [of the Code of Judicial Conduct] were designed to promote a standard for judicial conduct that continuously reaffirms the integrity of the judiciary. Judges hold a unique position of administering justice. They *334 symbolize the law, and, accordingly, their actions reflect favorably or unfavorably on the judicial system. For this reason, it is important that judges comply with the laws and rules governing their conduct in a manner which promotes public confidence.
In determining the appropriate sanction for a judge or judicial officer who is subject to a disciplinary action, we have considered several non-exclusive factors. In re: Best, 98-0122 (La.10/20/98), 719 So.2d 432; In re: Chaisson, 549 So.2d 259 (La.1989). These factors are:
(a) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (c) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge's official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been prior complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and (j) the extent to which the judge exploited his position to satisfy his personal desires.
Applying these factors to the instant case, we find that Justice of the Peace Crawford's misconduct occurred on multiple occasions, evidencing a pattern of conduct. While this conduct was public in nature, it did not arise from Justice of the Peace Crawford's official duties as a justice of the peace. Moreover, personal gain was not the primary motivation for the conduct in question.
Most significantly, Justice of the Peace Crawford has acknowledged her violations of the Code, and she modified her behavior as soon as it came to her attention that she had acted wrongfully. The good faith nature of her actions is reinforced by the lack of any other complaints or disciplinary action against Justice of the Peace Crawford during the nearly twenty years she has served in her position. While good faith is not an affirmative defense to a judicial disciplinary charge, it may be considered as a mitigating factor which militates in favor of a lesser sanction. Marullo, 96-2222 at p. 7, 692 So.2d at 1023; Chaisson, 549 So.2d at 267.
Considering all these facts, we conclude the sanction of public censure is appropriate. Accordingly, we will accept the recommendation of the Commission and publicly censure Justice of the Peace Crawford, as well as order her to pay the costs of these proceedings.

DECREE
For the reasons assigned, it is ordered that Justice of the Peace Rebecca Crawford be publicly censured for violating Canons 1 and 2 A of the Code of Judicial Conduct (1996) and Article V, Section 25(C) of the Louisiana Constitution of 1974. It is further ordered that Justice of the Peace Rebecca Crawford reimburse the Judiciary Commission of Louisiana the sum of $507.06.
JOHNSON, J., would reject the commissioner's recommendation as too lenient.
NOTES
[1] An issue arose in these proceedings whether respondent failed or refused to cooperate in the investigation of this matter when she destroyed documents that were pertinent to the investigation of the complaint against her, including the divorce "questionnaire." At the hearing, respondent testified that she deleted all of the forms on her computer as soon as the complaint was filed against her so that she would not make a similar mistake in the future.

The Commission found respondent's testimony was credible in this regard. The members also took into consideration that although respondent maintained virtually no records of her notarial business, she did obtain the requested information by whatever means she could, which were laborious, and provided it to Special Counsel. The list of cases may not include all names of those for whom respondent typed divorce petitions, but the Commission acknowledged that it includes all that respondent could identify in good faith. Accordingly, the Commission determined that respondent's actions were not the result of any intent to obstruct or delay the investigation of this matter.
[2] Justice of the Peace Crawford did not stipulate that she engaged in willful misconduct relating to her official duty, as charged in the Formal Charge; however, we believe this constitutional provision is inapplicable in this case because respondent was not acting in her official capacity when she prepared and notarized divorce pleadings.