# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #029

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **23rd day of May, 2014**, are as follows:


**PER CURIAM**:


2014-O-0526         IN RE:   JUSTICE OF THE PEA CE MARY F ORET SECOND JUSTICE OF THE
                    PEACE COURT LAFOURCHE PARISH STATE OF LOUISIANA

                    For the reasons assigned, it is ordered that Justice of the Peace
                    Mary Foret, Second Justice of the Peace Court, Lafourche Parish  ,
                    State of Louisiana, be suspended from office for a period of
                    sixty days, without pay.  Further, pursuant to Supreme Court Rule
                    XXIII, § 22, we   cast Justice of t  he Peace Foret w  ith costs
                    incurred in the investigation and prosecution of this proceeding
                    in the amount of $196.00.

                    WEIMER, J., recused.

SUPREME COURT OF LOUISIANA

NO. 14-O-0526

IN RE: JUSTICE OF THE PEACE MARY FORET

ON RECOMMENDATION FOR DISCIPLINE
FROM THE JUDICIARY COMMISSION OF LOUISIANA

PER CURIAM[*]

This matter comes before the court on the recommendation of the Judiciary Commission of Louisiana ("Commission"), pursuant to La. Const. art. V, § 25(C), that respondent, Justice of the Peace Mary Foret, Second Justice of the Peace Court, Lafourche Parish, State of Louisiana, be suspended with pay for sixty days and ordered to pay the costs of the prosecution of these proceedings. For the reasons that follow, we suspend respondent without pay for sixty days and order her to pay costs.

**UNDERLYING FACTS**

The facts of this matter are not in dispute, having been stipulated to by the parties. The Formal Charge against respondent arises out of a small claims case in her court brought by Norris and Gloria Comeaux against Charles and Carol LeBlanc. Both prior to and after the filing of the lawsuit, respondent engaged in numerous *ex parte* communications with the parties concerning the substantive issues in the case. These *ex parte* communications were conducted by respondent directly as well as through her constable, Dwain LeBouef. Respondent also engaged in improper independent investigation into the background of the case by having Constable LeBouef obtain the police report of an altercation between Mr.

---

[*] Weimer, J. recused.

Comeaux and Mr. LeBlanc.[1]  Despite these *ex parte* communications and independent fact-finding about the case, respondent did not recuse herself.

When the *Comeaux* case was set for hearing, respondent knowingly allowed Constable LeBouef to participate in the hearing to a significant extent.[2] Specifically, respondent permitted Constable LeBouef to question the parties and a witness, determine the order of the proceedings, threaten to hold the litigants in contempt, and comment at length on his opinion of Mr. LeBlanc's case, including making points of fact not raised by Mr. Comeaux and about which there was no testimony or evidence.  Respondent also allowed Constable LeBouef to participate in her decision-making process by asking him at the conclusion of the hearing what he thought of the case.

**PROCEEDINGS BEFORE THE COMMISSION**

The LeBlancs filed a complaint against respondent with the Commission.  In addition, the Office of Special Counsel ("OSC") received a written report from the Lafourche Parish District Attorney concerning the issues raised in the complaint. Following an investigation, the Commission filed a Formal Charge against respondent, alleging that she engaged in improper *ex parte* communications with the parties in a case before her, engaged in improper independent investigation into the background of the case, failed to recuse herself, and improperly delegated her judicial duties to her constable, in violation of Canons 1, 2A, 2B, 3A(1), 3A(4), 3A(6), 3A(7), and 3C of the Code of Judicial Conduct and La. Const. art. V, § 25(C).

---

[1] This was not the only case in which respondent independently obtained a police report; she made a practice of doing so in 90% of her cases.

[2] According to the joint stipulations of fact, the *Comeaux* case was not an isolated occurrence in terms of the participation by Constable LeBouef.  Rather, respondent frequently allowed Constable LeBouef to "assist" with hearings in her court to an impermissible extent.

Respondent and the OSC then entered into a stipulation of facts in which respondent admitted all of the factual allegations contained in the Formal Charge. The parties also entered into a stipulation of law in which respondent admitted that her conduct violated the Code of Judicial Conduct and the Louisiana Constitution as charged.[3] The Commission agreed to dispense with a hearing and accepted the stipulations subject to further questioning of respondent at a Commission meeting.

**FINDINGS OF THE COMMISSION**

Applying the factors set forth in *In re: Chaisson*, 549 So. 2d 259 (La. 1989),[4] the Commission concluded as follows:

(a) Although respondent has no prior disciplinary history before the Commission or the Supreme Court, the conduct at issue in this case was not an isolated instance. Respondent made a practice of independently obtaining police reports in 90% of her cases. Respondent frequently allowed Constable LeBouef to "assist" with hearings in her court to an impermissible extent, including regularly allowing him to question witnesses at hearings, especially in criminal matters.

---

[3] Although the parties stipulated to the facts and legal conclusions, they were unable to agree upon a recommended penalty. Prior to the Commission hearing, the OSC filed a memorandum in which it argued that the appropriate sanction in this case is removal. For her part, respondent submitted a letter to the Commission in which she opposed removal but did not address what sanction should be recommended by the Commission to this court, if any. In its recommendation, the Commission observed that although respondent's conduct is serious, it was not felt "to be the type of conduct for which a recommendation of removal is warranted."

[4] In *Chaisson,* this court set forth a non-exclusive list of factors which may be considered in imposing discipline against a judge. These factors are as follows:

> (a) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (c) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge's official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been prior complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and (j) the extent to which the judge exploited his position to satisfy his personal desires.

(b)     The misconduct involved here is quite serious.  Respondent improperly delegated her judicial authority to Constable LeBouef by allowing him to participate to a significant extent in conducting the hearing in the *Comeaux* case with her full knowledge and approval, including allowing him to: question a witness; determine the order of the proceedings; comment at length on his opinion of the case, which included making points of fact about which there was no testimony or evidence; threaten to hold the parties in contempt of court; and participate in the decision-making process both in front of the parties and in private.  Respondent frequently allowed Constable LeBouef to "assist" with court hearings to an impermissible extent.

Respondent engaged in *ex parte* communications before the hearing with both parties regarding the substantive issues in the case.  Further, respondent conducted an improper investigation into the facts of the case by obtaining a copy of the police report filed by Mr. LeBlanc against Mr. Comeaux.  Despite such independent investigation and *ex parte* communications, respondent failed to recuse herself from the case.  She regularly conducted improper independent investigations in her cases by obtaining copies of police reports, if they existed.

(c)     Respondent's improper delegation of her judicial authority to Constable LeBouef occurred in the courtroom.  Respondent's misconduct in engaging in improper *ex parte* communications and independent investigation of the facts occurred outside of the courtroom.

(d)     The misconduct at issue occurred in respondent's official capacity as Justice of the Peace.

(e)     Respondent has acknowledged and apologized for her misconduct.  During her appearance before the Commission, however, respondent made several statements that indicated she did not truly understand why some of her actions

4

were improper.  Further, respondent placed some blame for her predicament on the LeBlancs.

(f)     Respondent has detailed her efforts to change or modify her conduct. She has attempted to educate herself in an effort to correct her improper conduct, including re-reading the Justice of the Peace Court Manual, familiarizing herself with the Code of Judicial Conduct, speaking with other Justices of the Peace, and attending the Louisiana Attorney General's 2013 Training Conference. Respondent has also agreed to attend the Louisiana Attorney General's 2014 Training Conference, although she is not legally obligated to do so, and intends to share her experience with other Justices of the Peace so that they may avoid her mistakes.  She tried to address the concerns about her constable's participation in hearings by asking him not to attend hearings at all, even to provide security.

(g)     Respondent had served as Justice of the Peace for twenty-three years at the time of her misconduct.

(h)     Respondent has no history of prior ethical misconduct in more than two decades of service as a justice of the peace.

(i)     Respondent's actions have harmed the integrity of and the respect for the judiciary.  She improperly delegated her judicial authority to her constable and frequently allowed him to "assist" her in the proceedings before her.  She even delegated her most basic role as a decision-maker to her constable in the *Comeaux* case by allowing him to participate in the decision-making process.  Several agencies were notified of respondent's actions, including the Louisiana State Police, the Lafourche Parish District Attorney's Office, and the Lafourche Parish Sheriff's Office.

(j)     There is no evidence that respondent used her position to satisfy her personal desires in this matter.

5

Based on these findings, the Commission recommended respondent be suspended with pay for sixty days. The Commission also recommended that respondent be ordered to reimburse $196.00 in hard costs to the Commission.

After the Commission's recommendation was filed in this court, the parties filed a motion seeking to waive briefing and oral argument and to have the court consider the case based on the entire record of this matter. Respondent stated in the motion that she accepted the Commission's recommendation of discipline, but she recognized this court is not bound to accept that recommendation. On April 9, 2014, we issued an order granting the motion to waive oral argument, but requiring the parties to submit briefs addressing the Commission's recommendation that respondent be suspended with pay. Both parties filed briefs in response to the court's order.

**DISCUSSION**

Because respondent and the Special Counsel have stipulated to the facts, the sole issue presented is the appropriate measure of discipline in this case. *In re: Shea*, 02-0643 (La. 4/26/02), 815 So. 2d 813; *In re: Decuir*, 95-0056 (La. 5/22/95), 654 So. 2d 687. In determining an appropriate sanction, we are mindful that the primary purpose of the Code of Judicial Conduct is to protect the public rather than discipline judges. *In re: Harris*, 98-0570 (La. 7/8/98), 713 So. 2d 1138; *In re: Marullo*, 96-2222 (La. 4/8/97), 692 So. 2d 1019.

As the Commission concluded, respondent has engaged in a pattern of serious conduct which harmed the integrity of the judiciary. She improperly delegated her judicial authority to her constable by allowing him to "assist" in the proceedings before her and by allowing him to participate in her decision-making process. She also engaged in improper *ex parte* communications with the litigants and gave the appearance of deciding the case based on factors outside of the

6

evidence. A justice of the peace as experienced as respondent should be well aware of the need to maintain public respect and confidence in an impartial judiciary.

Nonetheless, we find the record supports the Commission's determination that respondent did not act in bad faith in this matter and that she has made a sincere effort to correct her improper conduct. Good faith is not an affirmative defense to a judicial disciplinary charge; however, it may be considered as a mitigating factor which militates in favor of a lesser sanction. *Marullo*, 96-2222 at p.7, 692 So. 2d at 1023; *Chaisson*, 549 So. 2d at 267.

Considering all the circumstances in light of our prior jurisprudence,[5] we conclude a sixty-day suspension is appropriate. Although the Commission recommended the suspension be with pay, we see no compelling reason to do so under the instant facts. Accordingly, respondent's suspension shall be without pay. We will also order respondent to reimburse costs to the Commission.

**DECREE**

For the reasons assigned, it is ordered that Justice of the Peace Mary Foret, Second Justice of the Peace Court, Lafourche Parish, State of Louisiana, be suspended from office for a period of sixty days, without pay. Further, pursuant to Supreme Court Rule XXIII, § 22, we cast Justice of the Peace Foret with costs incurred in the investigation and prosecution of this proceeding in the amount of $196.00.

---

[5] While there are no prior cases involving the exact combination of misconduct at issue here, a review of the jurisprudence in similar cases supports the conclusion that a sixty-day suspension is appropriate for the misconduct when considered as a whole. *See, e.g., In re: Cresap*, 06-1242 (La. 10/17/06), 940 So. 2d 624 (suspending judge for thirty days for, among other misconduct, engaging in prohibited *ex parte* communications by telephoning one of the parties); *In re: Badeaux*, 11-0214 (La. 7/1/11), 65 So. 3d 1273 (judge censured for failure to self-recuse from case involving close personal friends, one of whom had engaged in *ex parte* communications with the judge about the case); *In re: Best*, 98-0122 (La. 10/20/98), 719 So. 2d 432 (censuring judge for, among other misconduct, asking the audience to vote on the guilt or innocence of a criminal defendant).

7